Janet CASE, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C–1–80–64.

United States District Court,
S. D. Ohio, W. D.

Sept. 25, 1981.

Richard C. Curry, Cincinnati, Ohio, for plaintiffs.

Elizabeth G. Whitaker, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

## FINDINGS OF FACT, OPINION, AND CONCLUSIONS OF LAW

CARL B. RUBIN, Chief Judge.

This matter is before the Court after trial and presentation of testimony and evidence. Plaintiff, as Executrix of the Estate of Walter R. Case, seeks recovery from the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court does submit herewith its Findings of Fact, Opinion and Conclusions of Law.

## I. FACTS

1. Plaintiff's decedent, Walter Case, was murdered by one Johnnie Fred Vinson, on February 11, 1977 in Allegheney County, Pennsylvania. Vinson was subsequently convicted by a jury of Third Degree Murder and is presently incarcerated in Pennsylvania serving a sentence of eight to 18 years.

2. Vinson had received treatment as an out patient at the Veterans Administration Mental Health Clinic in Cincinnati, Ohio. He was seen sporadically between January 12, 1966 and December 2, 1975. He was diagnosed as schizophrenic (Joint Ex. II, pg. 29) on February 2, 1966 with a recommendation for treatment at the Veterans Administration Clinic. On July 17, 1971, his condition was diagnosed as "schizophrenia, chronic, undifferentiated type in partial remission" (Joint Ex. II, pg. 44). On June 19,

1973, after an examination, the following was noted: "Schizophrenia, chronic, undifferentiated type, compensated. The veteran is competent" (Joint Ex. III, pg. 86). On September 25, 1974 in a psychiatric examination, the following report was made: "Chronic, undifferentiated schizophrenia (295.90), the veteran is competent" (Ex. 1 attached to Defendant's Motion for Summary Judgment, pg. 24). On May 6, 1975, a psychiatric examination contains the following: "Clinical diagnosis-residual schizophrenia (295.6), the veteran is competent and comment—the diagnosis has been revised slightly because there are no overt psychotic symptoms at this time. Perhaps the psychotic process is under the control of his current medication" (Ex. 1 attached to Defendant's Motion for Summary Judgment, pg. 26).

Although the plaintiff received further counseling from the Veterans Administration, the examination of May, 1975 apparently was the last such psychiatric determination.

3. The treatment of plaintiff consisted of counseling and medication primarily of major tranquilizers including Mellaril, Trilafon, Haldol and Tofranil. Counseling and the use of tranquilizers are consistent with the standard of care for schizophrenia in the Cincinnati medical community during the period involved in this litigation.

4. At all times, Vinson was a voluntary out-patient who functioned satisfactorily and appeared to benefit from counseling and medication.

5. Expert opinion in this matter was provided by Dr. Melvyn Nizny for the plaintiff and Dr. Richard Dorsey for the defendant. The views of the experts were remarkably similar. Dr. Nizny agreed that Vinson did not warrant actual confinement (Depo. pg. 19), that a major tranquilizer was normal treatment for his condition (Depo. pg. 22), and that out-patient treat-

ment was appropriate medical recommendation (Depo. pg. 23). Dr. Nizny also stated that Vinson had a right to leave the state of Ohio and that there was no duty upon the treating psychiatrist to follow him into Pennsylvania (Depo. pg. 39).

Dr. Dorsey testified that the medication prescribed and the treatment of Vinson as an out-patient were appropriate and in accordance with the standards of the medical community in Cincinnati, Ohio at the time.

## II. OPINION

■ The factual question presented in this litigation is whether or not, in this case, the Veterans Administration is liable under the Federal Tort Claims Act for the actions of Vinson.

The parties agree that this matter will be controlled by the law of Ohio. Therefore, while instructive, the citations of authority to *Tarasoff v. The Regents of the University of California*, 17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334[1] and *Lipari v. Sears Roebuck Co.*, 497 F.Supp. 185 are not controlling. The first is a determination by the Supreme Court of California and the second is a ruling by the United States District Court for the District of Nebraska.

The applicable law of Ohio has been stated in *Harris v. The State of Ohio*, 48 Ohio Misc. 27, 358 N.E.2d 639 and *Leverett, Administratrix v. The State of Ohio*, 61 Ohio App.2d 35, 399 N.E.2d 106.

In the *Harris* case, the Court of Claims declined to hold the State of Ohio liable under circumstances where a former patient was released from an institution over the objections by her family and approximately two years later, feloniously assaulted another person. The following statement by the Court of Claims is pertinent: "Chester Holt [the patient] was released from Cleveland State Hospital as a result of

---

1. *Tarasoff* stands almost alone in its holding. The Supreme Court of California upheld a finding of liability upon a psychotherapist who failed to protect a known and identified victim against the dangers of violence from that psychotherapist's patient. The Court observes in passing that Dr. Nizny, plaintiffs' expert, considered any notification of the condition of a patient to his family and friends without a prior understanding to be a breach of the standard of care in Cincinnati in 1976 (Depo. of Dr. Nizny, pg. 45).

the exercise of discretion as authorized by statute. Certainly the injury to Harris [person assaulted] was not the natural and probable consequence of that release. Nor could the injury to Harris more than two years after the release have been reasonably anticipated..." *Harris, supra* at pg. 63, 358 N.E.2d 639.

In *Leverett,* the Court of Appeals for Franklin County reversed the Court of Claims which had held the State of Ohio not liable in a situation where a former mental patient within three months of release had shot and killed a third person. The following statement from *Leverett* should be noted: "Therefore a hospital may be held liable for the negligent release of a mental patient only when the hospital, in exercising medical judgment, knew or should have known that the patient, upon his release, would be very likely to cause harm to himself or others. *Such likelihood must be more than a mere possibility and not based on hindsight." Leverett, supra* at 41, 399 N.E.2d 106 (emphasis added).

To avoid hindsight, the Court must consider the condition of Vinson in December of 1975 when he was last seen by defendant.

His condition had improved over the years; he was functioning satisfactorily in the community, he was competent and he was capable of holding a job. There was no indication that he was a "clear and present danger" to himself or anyone else; there was nothing in his records that indicated even to plaintiffs' expert that he should have been confined.

To assert liability upon defendant for an action taken by Vinson 14 months later is to urge possibility rather than likelihood and rely upon hindsight rather than reasonable judgment. As the *Leverett* court pointed out, "The General Assembly intended for doctors practicing in medical hospitals to be free from liability for the discharge of patients if such discharge is reasonable and in good faith". *Leverett, supra* at page 42, 399 N.E.2d 106.

If, under the law of Ohio doctors are free from liability when they have acted reasonably and in good faith to discharge a patient from state control, it must follow logically that they cannot be held to a higher standard toward out-patients over whom they lack equivalent control.

The burden of proof is upon a plaintiff to establish knowledge or likelihood that a patient would cause harm to others. Based upon the evidence and testimony submitted to this Court, it is clear that the plaintiffs have failed to sustain such burden of proof.

### III. CONCLUSIONS OF LAW

A. This Court has jurisdiction in accordance with the Federal Torts Claim Act, 28 U.S.C. § 2671 et seq.

B. There is no liability upon the United States for failure to confine an out-patient of the Veterans Administration unless there is more than a mere possibility that the patient would be very likely to cause harm to himself or to others. *Leverett, Administratrix v. The State of Ohio,* 61 Ohio App.2d 35, 399 N.E.2d 106.

C. In December of 1975 in the medical community of Cincinnati, Ohio, it was within community standards to treat a person suffering from schizophrenia with major tranquilizers and psychotherapeutic counseling.

D. There is no liability upon the United States for actions of a voluntary out-patient 14 months after his last date of treatment where community standards have been followed. *Harris v. The State of Ohio,* 48 Ohio Misc. 27, 358 N.E.2d 639.

E. In accordance with the foregoing, the Complaint of plaintiffs should be and it is hereby DISMISSED and judgment entered in favor of the United States.

Let judgment issue in accordance with the foregoing.